# McGonigal v. Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Pedestrians crossing track—Contributory negligence—Charge—Damages.*

1. If the court assume the existence of certain facts to be shown by the evidence, it should instruct the jury clearly and distinctly as to the law applicable to those facts.

2. In an action against a street railway company to recover damages for personal injuries sustained by the plaintiff through being hit by a car while crossing defendant company's tracks at the intersection of two city streets, where the testimony of the plaintiff himself is sufficient to carry the case to the jury, and the defendant produces witnesses from whose testimony the jury is warranted in finding that the defendant company was without negligence, and that the plaintiff, who admittedly had a view of fifty feet in the direction from which the car came, started to cross the track when the car was within about six or seven feet of him, the court commits error in charging that, if the jury should believe the testimony of the defense, the question as to whether or not plaintiff was guilty of contributory negligence would then be for them to decide, as such conduct on the part of the plaintiff would have been negligence and the court should have so instructed the jury.

3. In such a case, the court committed error in instructing, "If the bell did ring and the lights were lit and the headlight shining, did this man, within six feet of the approach of a car, in that dangerous weather, did he cross then and there under that condition? If he did he ought not to recover, and the verdict ought to be for the defendant," as this left it to the discretion of the jury to determine, if they found such facts to exist, whether the plaintiff was guilty of negligence or not. The court should have instructed the jury that, if they found from the evidence the facts to be as stated, the plaintiff was guilty of negligence and there could be no recovery.

4. It is the duty of the court in cases of this character to see by the charge that the jury keeps within its province in finding the facts from the evidence and not permit it to find facts which are not established by any evidence in the case.

5. It is the duty of the plaintiff in negligence cases to establish by proper testimony the damages which he claims to have sustained, and if he fails to do so, the question cannot be submitted to the jury.

48 McGONIGAL *v.* PITTSBURGH RYS. CO., Appellant.

Argued October 23, 1913.   Appeal, No. 100, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Sept. T., 1910, No. 159, on verdict for plaintiff in case of James E. McGonigal v. Pittsburgh Railways Company.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,500, and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions of the court.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*L. K. Porter,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

This is an action to recover damages for injuries sustained by the plaintiff resulting from a collision with a car of the defendant company at the intersection of Penn avenue and Thirty-third street in the City of Pittsburgh.   The defendant company has two tracks on Penn avenue, one for east bound cars and the other for west bound cars.   The accident occurred about half past eight on the evening of January 6, 1910.   The plaintiff testified that he came out of Neckerman's saloon on the northwest corner of Thirty-third street and Penn avenue and started across the avenue; that when he got to the curbstone he looked up and down to see if there was a car in sight and could see none; that he then proceeded but before stepping on the track he looked up and down again and there was no car in sight; that there were no signals given of an approaching car; that when he stepped across the second rail of the west bound track

he was hit by a car and badly injured.   He also testified that he could see about fifty feet, or fifteen feet beyond the Thirty-third street overhead bridge, in the direction from which the car was approaching, and that he did not see or hear the car until it struck him.   He introduced testimony to show that it was a bad night, that it was windy, and snow and sleet were falling.   His evidence also tended to show that at the time the accident occurred the car was running at the rate of fifteen or twenty miles an hour.

The defendant company denied that it was guilty of negligence in the operation of its car, and alleged that the plaintiff's injuries resulted from his own negligence. It introduced testimony from which the jury would have been warranted in finding that the car was running about seven miles an hour; that the headlight and lights in the car were burning; and that the gong was sounded while the car was approaching the crossing.   The motorman testified that when the car was about seventy-five feet from the bridge he saw a man leave Neckerman's saloon, come to the curb and step down within four feet of  the track; that he stood there a second or so and started across the track when the car was within about six or seven feet of him; that he applied the brake at once and the rails being wet the car slid and caught the plaintiff's left leg and threw him onto the east bound track.   The learner who was running the car testified that when the car was within about twelve feet of the bridge he saw a man within two feet of the first rail of the track; that the man at once put his foot on the rail; that he looked towards the headlight and made a jump across the track but was hit on the left leg by the fender of the car; and that the car was about six or eight feet from the plaintiff when he reached the first rail of the track.   There were other witnesses called who corroborated parts of the testimony of the motorman and the learner.

The case was submitted to the jury and a verdict was

rendered for the plaintiff on which judgment was entered. The defendant company has taken this appeal.

There are seven assignments of error and they all relate to the charge of the court. It is contended that the charge had a tendency as a whole to magnify the theory of the plaintiff and to minimize that of the defendant company to the prejudice of the company. It is claimed that the court erred in submitting to the jury to determine questions of law which was the province of the court and not that of the jury. It is further claimed by the appellant that the charge was inadequate and misleading as to the measure of damages.

In that part of the charge embraced in the second assignment the court said: "The theory of the defense is that this man crossed over a crossing at Thirty-third street and Penn avenue near the Junction bridge crossing Penn avenue, when a car was within five or six feet of him. In view of the condition of the street at that time as to ice and snow and the character of the weather, if he did so, if the car was really within five or six feet of him when he jumped off the curb or when he put his foot on the first rail of the westbound track on which he was hurt, if he did so, was he or was he not guilty of contributory negligence?" We think this instruction was erroneous in that it left to the jury to determine the law on a state of facts which convicted the plaintiff of manifest negligence and should have been so declared by the court. If the evidence disclosed the facts stated by the learned judge the plaintiff was clearly guilty of negligence and the court should not have told the jury that it was for them to decide whether he was guilty of contributory negligence. Under all the authorities such conduct on the part of the plaintiff is negligence and the court should have so instructed the jury.

It was also error for the learned judge to instruct the jury as he did in that part of his charge contained in the third assignment wherein he said: "If the bell did ring and the lights were lit and the headlight shining, did

this man, within six feet of the approach of a car, in that dangerous weather, did he cross then and there under that condition? If he did he ought not to recover, and the verdict ought to be for the defendant." This clearly left it to the discretion of the jury to determine, if they found such facts to exist, whether the plaintiff was guilty of negligence or not. Like the language complained of in the second assignment it was sufficient to convict the plaintiff of negligence and the learned judge should have so instructed the jury as a matter of law. He should have told the jury that if they found from the evidence the facts to be as he stated them that the plaintiff was guilty of negligence and that there could be no recovery in this action.

· There is nothing in the charge which corrects the errors complained of in these two assignments. On the contrary, we are inclined to think, although of course it was inadvertence on the part of the learned court, that the language of the charge as a whole did not adequately present the defendant's case to the jury. If the court assume the existence of certain facts to be shown by the evidence, it should instruct the jury clearly and distinctly as to the law applicable to those facts. In each of the instances referred to above, it was important to the defense that the judge should have plainly told the jury that if they found the facts to exist as he stated them, the plaintiff was guilty of contributory negligence which prevented a recovery in the action, and that they should return a verdict for the defendant. The plaintiff testified that he stopped and looked for a car and could see fifty feet in the direction from which the car was approaching, and if the jury believed the evidence on the part of the defendant that he started to cross the track when the car was within six or eight feet of him, he must have seen the car and was therefore guilty of negligence as a matter of law, and the court should have so declared.

The learned judge should have called the attention of

the jury to the testimony in the case and directed their attention to it in a manner which would have impressed it upon their minds. The plaintiff, according to his own story, had visited the Neckerman saloon on the northwest corner of Thirty-third street and Penn avenue immediately before the accident. He then started across the track, says he stopped and looked both up and down the track and seeing no car in sight attempted to cross when he was struck and injured. While it was for the jury to determine whether he was corroborated or not it was the duty of the court under the circumstances to direct attention to the testimony, if any, which corroborated him, in view of the fact that at least three of the witnesses on the part of the defendant, who had an opportunity to observe what occurred at the time of the accident, testified to the facts which render it incredible that he could have performed his duty of looking and listening for an approaching car and not have seen it before he was struck. As the case goes back for another trial we will not comment further on the testimony, only suggesting, however, the duty of the court in this and other like cases to see that the jury keep within its province in finding the facts from the evidence, and not permit it to find facts which are not established by any evidence in the case.

There is ground for the complaint by appellant in the fifth and seventh assignments as to the measure of damages, but this was doubtless an inadvertence on the part of the learned judge in the hurry of the trial and will not occur on a retrial of the cause. It may be suggested, however, that it is the duty of the plaintiff in cases of this character to establish by proper testimony the damages which he claims to have sustained, and if he fails to do so the question cannot be submitted to the jury. It is a fact in the case and, like any other fact, must be proven to the satisfaction of the jury. If, as claimed by the appellant, there was no evidence on which the jury could base an intelligent calculation in

determining the loss of earning power, the question should not have been submitted. The burden was upon the plaintiff to produce such evidence and failing to do so the jury could not be permitted to determine the fact.

The second and third assignments of error are sustained, and the judgment is reversed with a venire facias de novo.